UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60273-PCH-7

UNITED STATES OF AMERICA,

   *Plaintiff,*

v.

PATRICK MARQUIS AYTON, JR., (7)

   *Defendant.*

_____/

## PATRICK MARQUIS AYTON, JR'S MOTION FOR DOWNWARD VARIANCE

Mr. Patrick Marquis Ayton, Jr. respectfully requests a downward variance, pursuant to *United States v. Booker*, 553 U.S. 220 (2005), from the advisory guideline range of 101 to 120 months imprisonment, consisting of 77 to 96 months as to Count One and the mandatory consecutive 24-month sentence as to Count Thirty-Six, as calculated in Paragraph 125 of the Presentence Investigation Report ("PSR"). Although the PSR correctly calculates Mr. Ayton's criminal history score, Criminal History Category IV materially overstates the seriousness of his record because the Clay County (PSR ¶ 83) and Manatee County (PSR ¶ 82) matters were functionally part of a single continuous course of conduct prosecuted in separate jurisdictions. As a result, Mr. Ayton's record more closely resembles Criminal History Category III than Criminal History Category IV. A sentence of 63 months as to Count One, followed by the mandatory consecutive 24-month sentence as to Count Thirty-Six, for a total sentence of 87 months imprisonment, is sufficient, but not greater than necessary, to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a), including deterrence, protection of the public, promotion of respect for the law, and just punishment.

**I.      Criminal History Category IV Materially Overstates the Seriousness of Mr. Ayton's Record**

The principal driver of the advisory guideline range in this case is Mr. Ayton's placement in Criminal History Category IV. The PSR assigns Mr. Ayton seven criminal history points, placing him in Category IV. Had he received one fewer criminal history point, he would fall within Criminal History Category III. That distinction has a substantial effect on the advisory guideline range. At Offense Level 24, Criminal History Category III yields a guideline range of 63 to 78 months, while Criminal History Category IV yields a range of 77 to 96 months. Thus, the difference between the sentence requested by the defense and the sentence requested by the Government is driven largely by a single criminal history point. Stated differently, the defense is not asking the Court to disregard Mr. Ayton's criminal history. The defense is asking the Court to determine whether a fourteen-month increase in sentence is warranted based upon the practical effect of a single criminal history point.

The point at issue stems from the separate scoring of the Clay County and Manatee County matters. The PSR correctly scores those cases under the Guidelines. The defense is not challenging the guideline calculation. Rather, the defense submits that the resulting Criminal History Category IV overstates the seriousness of Mr. Ayton's record for purposes of the Court's § 3553(a) analysis. The Clay County and Manatee County offenses occurred on consecutive days in February 2024. Both matters involved the same general type of conduct and resulted in separate prosecutions because the conduct occurred in different jurisdictions. While separate prosecutions may have been legally appropriate, the practical effect is that conduct occurring

within an extremely compressed time period generated additional criminal history consequences that elevated Mr. Ayton from Category III to Category IV.

The Court's obligation under § 3553(a) is not limited to mechanically applying the advisory guidelines. The Court must determine the sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing. In making that determination, the Court may consider whether a guideline calculation accurately reflects a defendant's actual history and characteristics. Viewed realistically, Mr. Ayton's record more closely resembles that of a Category III offender than a Category IV offender. The Court should therefore vary downward and impose a sentence consistent with the low end of the Category III range.

**II.      A Total Sentence of 87 Months is Sufficient to Achieve the Purposes of Sentencing**

The requested sentence is substantial by any measure. A sentence of 63 months as to Count One, followed by the mandatory consecutive 24-month sentence required by Count Thirty-Six, results in a total sentence of 87 months imprisonment. An 87-month sentence represents more than seven years of imprisonment. It is significantly greater than any punishment previously imposed upon Mr. Ayton and constitutes the first truly substantial custodial sentence of his life.

The conduct underlying the federal offense occurred between September 2020 and May 2022. At that time, Mr. Ayton had never received a lengthy prison sentence. The state convictions that now contribute to his Criminal History Category IV were imposed years later and are properly considered by the Court. Nevertheless, the requested sentence of 87 months is substantially greater than any punishment previously imposed upon Mr. Ayton and will provide a level of deterrence far beyond anything he has previously experienced. An 87-month sentence

will promote respect for the law, protect the public, and provide just punishment. The Court need not impose an additional fourteen months of imprisonment beyond that sentence to accomplish those objectives. The requested sentence also recognizes the seriousness of the offense. Mr. Ayton has accepted responsibility for his conduct, pled guilty, and stands before the Court facing a sentence that will remove him from his family and community for more than seven years. Such a sentence is neither lenient nor insignificant. It is a serious punishment that fully satisfies the purposes of sentencing under § 3553(a).

**III.     The Requested Sentence Avoids Unwarranted Sentencing Disparities**

Section 3553(a)(6) directs sentencing courts to consider the need to avoid unwarranted sentencing disparities among similarly situated defendants. The Government recommends total sentences of 87 months for several co-defendants whose advisory guideline ranges are based on Criminal History Category III and a total sentence of 101 months for Mr. Ayton. The primary distinction between Mr. Ayton and those defendants is his placement in Criminal History Category IV rather than Category III.

Once the practical effect of the Clay County and Manatee County matters is considered, that distinction becomes less significant. Mr. Ayton's criminal history is unquestionably more serious than that of some co-defendants. However, the resulting fourteen-month increase sought by the Government is driven largely by one criminal history point that places him just inside Category IV. A total sentence of 87 months appropriately accounts for Mr. Ayton's criminal history while avoiding unwarranted disparities among similarly situated defendants. Such a sentence reflects the seriousness of the offense, recognizes Mr. Ayton's actual criminal history, and remains consistent with the goals of sentencing.

4

**IV.     The Government's Recommended Sentence is Greater than Necessary**

The defense recognizes the seriousness of the offense conduct and appreciates that the Government seeks a sentence at the bottom of the advisory guideline range. Nevertheless, the Government's recommended sentence of 101 months remains greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a). The Government's recommendation is driven largely by Mr. Ayton's placement in Criminal History Category IV. As discussed above, that category materially overstates the seriousness of his record because of the practical effect of the separate scoring of the Clay County and Manatee County matters. Once that issue is accounted for, a sentence corresponding to the low end of the Category III range more accurately reflects Mr. Ayton's history and characteristics.

The requested sentence of 87 months remains substantial. It represents more than seven years of imprisonment and is significantly greater than any sentence previously imposed upon Mr. Ayton. The Court need not impose an additional fourteen months of incarceration beyond that sentence to accomplish deterrence, promote respect for the law, protect the public, or provide just punishment.

**V.     Conclusion**

The advisory guideline range is an important starting point, but it is not the ending point. The Court's obligation is to impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a). Here, the advisory range is driven in substantial part by a Criminal History Category that materially overstates the seriousness of Mr. Ayton's record. Although the PSR correctly calculates the criminal history score, the practical reality is that Mr. Ayton's record more closely resembles that of a Category III offender

than a Category IV offender. The difference between the Government's requested sentence and the defense request is driven largely by a single criminal history point arising from offenses prosecuted separately in two counties on consecutive days.

A sentence of 63 months as to Count One, followed by the mandatory consecutive sentence of 24 months as to Count Thirty-Six, results in a total sentence of 87 months imprisonment. That sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and avoids unwarranted sentencing disparities. Accordingly, Mr. Ayton respectfully requests that this Court impose a sentence of 63 months imprisonment as to Count One, followed by the mandatory consecutive sentence of 24 months imprisonment as to Count Thirty-Six, for a total sentence of 87 months imprisonment.

Respectfully submitted,

/s/ Michael Swinton
Michael Swinton, Esq.
Fla. Bar No. 85486

Michael A. Swinton, P.A.
7270 N.W. 12th Street
Tower 2, Suite 640
Miami, FL 33125
Office: (305) 326-1000
Email: swintonlawfirm@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 8, 2026**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

/s/ Michael A. Swinton

6